UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TFWNY, LLC

       Plaintiff,

                **SHORT ORDER**
     -against-         11-cv-3900 (ADS)(GRB)

TFW, LLC, ISHAM HARRIS, NICOLE
HARRIS, VOLUSION, INC., and JOHN DOE
CORPS. 1-5

       Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Law Office of Harry Thomasson**
*Attorneys for the Plaintiff*
400 Garden City Plaza
3280 Sunrise Highway
Suite 112
Wantagh, NY 11793
  By: Harry R. Thomasson, Jr., Esq., of Counsel

**Law Firm of Peter M. Agulnick**
*Attorneys for the Defendants TFW, LLC, Isham and Nicole Harris*
321 Broadway
2nd Floor
New York, NY 10007
  By: Peter M. Agulnick, Esq., of Counsel

**Litchfield Cavo LLP**
*Attorneys for the Defendant and Cross-Claimant Volusion, Inc.*
420 Lexington Avenue
Suite 2104
New York, NY 10170
  By: Donal J. Cayea, Esq., of Counsel

**SPATT, District Judge.**

The Plaintiff in this case commenced this action on August 12, 2011, alleging that the Defendants engaged in a conspiracy to divert sales, money, and proprietary information from the Plaintiff, TFWNY, to Isham and Nicole Harris (the "Harris Defendants"). The lawsuit asserts causes of action for common law fraud, conversion, and breach of contract. On October 3, 2011, the Defendant TFW, LLC and the Harris Defendants (the "moving Defendants") moved this Court to dismiss the complaint and cross-claims by co-Defendant Volusion on three grounds. First, they seek to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2) because a contract was signed containing a mandatory forum-selection clause requiring this lawsuit to have been brought only in Tampa, Florida. Second, they seek to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2) because personal jurisdiction does not exist over the moving Defendants. Third, they move pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action upon which relief can be granted. All oppositions to this motion were to be filed by November 22, 2011.

On November 9, 2011, United States Magistrate Judge A. Kathleen Tomlinson held an initial conference with all of the parties. The Civil Conference Minute Order noted that there were no major objections to expediting the depositions of the Harris Defendants and that they were to be completed by February 8, 2012. Judge Tomlinson also "advised counsel that discovery will not be stayed pending the determination of the motion to dismiss, pursuant to case law in this District as well as Judge Spatt's own practices."

On November 15, 2011, the Defendant Volusion filed a motion to hold co-Defendants' Motion to Dismiss in abeyance until after the parties have had the opportunity to conduct the deposition of the Harris Defendants. On the same day, the Plaintiff filed a letter to join the Defendant Volusion's request.

This Court subsequently granted the Plaintiff's unopposed request for an adjournment and set a new briefing schedule as follows: the opposition was to be due on March 1, 2012, and the Defendants' reply was to be due on March 15, 2012. Thereafter, the moving Defendants filed an opposition and then subsequently filed a motion to vacate the Court's order. They point out that portions of their motion to dismiss are for failure to state a claim and to dismiss or transfer the case to Florida based on a forum selection clause, which are not dependent on discovery.

This Court has the authority to permit discovery in aid of a motion to dismiss based upon lack of personal jurisdiction. See Welinsky v. Resort of the Wolrd D.N.V., 839 F.2d 928, 930 (2d Cir. 1988); Winston & Strawn v. Dong Won Sec. Co., Ltd., No. 02 Civ. 183, 2002 U.S. Dist. LEXIS 20952, at *16 (S.D.N.Y. Nov. 4, 2002) ("Pre-motion discovery should be permitted where the facts necessary to establish personal jurisdiction and propriety of venue lie exclusively within the defendant's knowledge."). The Court finds that there is a sufficient threshold showing that there is some basis for the assertion of personal jurisdiction. See Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd., 770 F. Supp. 832, 838–39 (S.D.N.Y. 1991) ("While discovery on the question of personal jurisdiction is sometimes appropriate when there is a motion to dismiss for lack of jurisdiction,

[the party asserting that jurisdiction exists] must first make a threshold showing that there is some basis for the assertion of jurisdiction.").

With regard to the forum selection clause, the Court acknowledges that it may dismiss this case on that basis, notwithstanding the absence of personal jurisdiction.  See Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 n.3 (4th Cir. 2006) (holding that district court had discretion to decide motion to dismiss based on forum selection clause before considering personal jurisdiction objections); Fixture Specialists, Inc. v. Global Constr. Co., No. 07–CV–570, 2007 U.S. Dist. LEXIS 84260, at *3, 2007 WL 3468997 (E.D .Va. Nov. 14, 2007) ("[A] district court may dismiss a suit on the basis of a forum-selection clause without addressing whether it has jurisdiction over the parties." (citing Sinochem, 549 U.S. at 431–32)).  However, it is not in the interests of judicial economy for the Court to address the motion to dismiss in a piecemeal fashion.  Therefore, the Court sees no reason to vacate its previous November 18, 2011 Order on that ground.

As for the portion of the motion pertaining to dismissal for failure to state a claim, the Court similarly sees no judicial economy in having this issue fully briefed at this juncture in the case.  "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982).  Therefore, the Court must first address the moving Defendants' motion to dismiss for lack of personal jurisdiction before it addresses the substantive merits of the action.  Arrowsmith v. United Press

Int'l, 320 F.2d 219, 221 (2d Cir. 1963) (noting that logic compels "initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim"); Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) ("[b]efore addressing Defendants' Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary questions of service and personal jurisdiction").

Therefore, the briefing schedule set out in the Court's November 18, 2011 remains. The opposition to the motion to dismiss will be due on March 1, 2012. The moving party's reply will be due on March 15, 2012.

In addition, the Court recognizes that the Defendant and Cross-Claimant Volusion had also requested an adjournment of the motion to dismiss and/or an extension of time to file a response until after the deposition of the Harris Defendants. The Defendant Volusion nevertheless filed their opposition on November 22, 2011. If Volusion wishes to withdraw their motion, they may do so within 5 days of the date of this Order. They may then re-file in accordance with the schedule set forth above for the Plaintiff's opposition. If the motion is not withdrawn, then the reply will be due in accordance with the applicable Federal and Local Rules.

Finally, the Court notes that if the moving Defendants withdraw their personal jurisdiction argument, then the Court will set a new briefing schedule with regard to the other two grounds for dismissal. However, as long as the objection to personal jurisdiction is being asserted and discovery on that issue remains, the Court will wait to address the motion in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
December 1, 2011

                                                                                                                     ___*/s/ Arthur D. Spatt*___
                                                                                                                      ARTHUR D. SPATT
                                                                                                 United States District Judge